IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TYLER NEAL JOHNSON, #201391, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-00348-JPG |
| CAPTAIN SCOTT and JEFFERSON COUNTY SHERIFF'S OFFICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Tyler Johnson, a detainee at Jefferson County Justice Center located in Mt. Vernon, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was injured when he slipped and fell on wet floors on February 9, 2019. (Doc. 1). He was denied adequate medical treatment for his injuries. (Doc. 1, pp. 1-2). Plaintiff seeks money damages against Captain Scott and Jefferson County Sheriff's Office.[1] (*Id.*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff originally filed this action in the United States District Court for the Southern District of Indiana on February 28, 2019. *Johnson v. Scott, et al.*, No. 19-cv-00038-RLY-DML (S.D. Ind.). Because the events giving rise to this action occurred at a facility located in this federal judicial district, the case was transferred to the Southern District of Illinois for all further action on March 26, 2019.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff injured his lower back and elbow when he slipped and fell on a wet surface at Jefferson County Justice Center on February 9, 2019. (Doc. 1, p. 1). He blames a leaky skylight for the wet conditions. The leak is an ongoing problem, but guards have not posted warning signs to prevent falls. They have instead used a towel to control the water. (*Id*.).

Plaintiff was provided with basic medical care for his injuries. (Doc. 1, p. 2). Lieutenant Nancy, Officer Mack, and Officer McKinnon took his vital signs, offered him an ice pack, and gave him Tylenol (1000 mg). A nurse was not be available to see him until February 11, 2019, and he was not scheduled for x-rays until the end of February or early March. (*Id*.). He now seeks money damages from the defendants.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:**  Defendants subjected Plaintiff to unconstitutional conditions of confinement at Jefferson County Justice Center by failing to maintain dry floors on or around February 9, 2019.

**Count 2:**  Defendants violated Plaintiff's right to receive medical care for the lower back and elbow injuries he sustained when he slipped and fell on wet floors at Jefferson County Justice Center on or around February 9, 2019.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

The Complaint does not survive preliminary review under 42 U.S.C. § 1983. Plaintiff names Captain Scott and Jefferson County Sheriff's Office as the only two defendants in this action. However, he does not mention either defendant in the statement of his claim. Therefore, the Court is unable to discern what claims Plaintiff has against them.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff has not mentioned Captain Scott or Jefferson County Sheriff's Office in the statement of his claim, both defendants will be dismissed without prejudice.

And although Plaintiff refers to Lieutenant Nancy, Officer Mack, and Officer McKinnon in the statement of his claim, he does not name them as defendants. When parties are not listed in the case caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the

complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In order to state a claim, Plaintiff must identify particular individuals who acted, or failed to act, in a way that caused a deprivation of his constitutional rights. But absent any allegations to this effect, Counts 1 and 2 cannot proceed against Captain Scott and Jefferson County Sheriff's Office.

Plaintiff's Complaint does not survive preliminary review and shall be dismissed. However, Plaintiff will have an opportunity to re-plead his claims, if he wishes to proceed any further with this action. When preparing a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights.

**Disposition**

**IT IS ORDERED** that the Complaint (including **COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **CAPTAIN SCOTT** and **JEFFERSON COUNTY SHERIFF'S OFFICE** are **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 29, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466

(7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-000348-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/1/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**