IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER NEAL JOHNSON, #201391, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00348-JPG |
| CAPTAIN/SHERIFF SCOTT, LIEUTENANT NANCY, OFFICER MACK, and OFFICER McKINNON, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Now before the Court for preliminary review is the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Tyler Johnson. (Doc. 12). Plaintiff claims he was denied medical care for injuries he sustained from slipping and falling in water that collected below a leaky skylight at Jefferson County Justice Center ("Jail") on February 9, 2019. (*Id*. at pp. 2, 6, 8-14). He seeks money damages and medical treatment for his injuries.[1] (*Id*. at p. 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

---

[1] Plaintiff couches his request as one for habeas relief and release from confinement to obtain medical care. Section 1983 does not empower this Court to grant habeas relief or release from confinement. However, the Court has authority to grant injunctive relief that includes orders regarding medical treatment. The Court thus construes Plaintiff's request for medical care as a request for injunctive relief *at the close of the case*. If more immediate relief is necessary, Plaintiff may file a motion for temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 *in this case*. Pursuant to Plaintiff's request, however, the Clerk will be directed to provide him with standard habeas forms used in this District.

1

must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 12, pp. 2, 6, 8-14): Plaintiff slipped and fell in a puddle of water at the Jail, injuring his elbow and back on February 9, 2019. (*Id*. at pp. 2, 6). He complains of delays in treatment for both injuries. (*Id*. at pp. 2, 6, 8-14). Plaintiff did not meet with a nurse for two days (February 11, 2019), receive an x-ray of his elbow for six days (February 15, 2019), or receive an x-ray of his spine for twelve days (February 21, 2019) after the accident. (*Id*. at p. 6). He filed seven grievances to complain about the leaky skylight and the denial of medical care. (*Id*. at pp. 4, 8-14). The skylight was repaired, but his injuries were not properly treated. (*Id*.). As of April 2019, Plaintiff was still waiting for an examination by a physician. (*Id*. at p. 6).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to reorganize the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendants subjected Plaintiff to unsafe conditions of confinement at Jefferson County Justice Center by failing to maintain dry floors on or around February 9, 2019, in violation of his constitutional rights.
>
> **Count 2:** Defendants denied Plaintiff medical care for back and elbow injuries he sustained on the slippery floor at Jefferson County Justice Center on or around February 9, 2019, in violation of his constitutional rights.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

The constitutional framework for Counts 1 and 2 depends on Plaintiff's status as a pretrial detainee or convicted person at the time his claims arose.[3] The fact that Plaintiff has not identified a particular constitutional deprivation is not fatal to his claims, just as questions about his legal status do not prevent him from proceeding at this stage. These questions can be resolved as the case proceeds.

Plaintiff runs into a more fundamental problem with both claims at screening. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant will not be liable unless he or she "caused or participated" in a constitutional deprivation. *Id*. The allegations must at least suggest that each individual defendant actually deprived Plaintiff of some constitutional right.

The Second Amended Complaint does not establish any defendant's involvement in the violation of Plaintiff's constitutional rights. In fact, the statement of claim does not refer to any individual defendants at all. (Doc. 12, p. 6). Captain/Sheriff Scott is only mentioned as a defendant in the case caption and list of defendants, and this is not enough to state a claim against this individual.[4] (*Id*. at pp. 1-14). The allegations contained elsewhere do not suggest that any other named defendants were personally involved in a *deprivation* of Plaintiff's constitutional rights. Rather than describing what each defendant did or failed to do in violation of his rights, Plaintiff does the opposite. He describes steps taken by the remaining defendants to secure timely and

---

[3] The Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by a pretrial detainee, and the Eighth Amendment governs claims brought by a convicted person. *See Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013).

[4] Plaintiff lists the captain/sheriff in the case caption but does not set forth allegations against this defendant. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

3

adequate medical treatment for his injuries and to repair the unsafe conditions at the Jail. (*Id*. at p. 2). For example, Plaintiff alleges that Officer Mack provided him with ice for his elbow without delay, and Officer McKinnon escorted him to the medical unit for treatment of his injuries right after he fell. (*Id*.). He alleges that Lieutenant Nancy contacted the on-call physician and implemented the doctor's orders by providing him with ice and Tylenol (1000 mg) twice daily. In addition, these defendants permitted him to use a low bunk and scheduled an appointment with a nurse. (*Id*.). Plaintiff describes no subsequent interactions with these individuals. Further, Plaintiff's seven grievances do not refer to any defendants. (*Id*. at pp. 8-14). In other words, the named defendants are not mentioned in, or in connection with, his grievances about lingering medical issues. (*Id*.). The fact that all seven grievances post-date his fall also suggests that he did not notify anyone about the wet floor until *after* it was too late to prevent his injury. (*Id*.). Plaintiff also admits that the defendants responded to his complains about the leak by repairing the skylight. (*Id*. at p. 4).

Given the lack of any indication that the named defendants were involved in the *deprivation* of a constitutional right, both claims shall be dismissed for failure to state a claim upon which relief may be granted against the defendants. Plaintiff shall be given one final opportunity to re-plead his claims in Counts 1 and 2 against the defendants. If he chooses to do so, Plaintiff is bound by the deadline and instructions in the below Disposition.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (**COUNTS 1** and **2**) (Doc. 12) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **July 18, 2019.** Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with

4

prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and use the case number for this action (No. 19-cv-00348-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and, per his request, the standard forms used by inmates to file Petitions for Writ of Habeas Corpus in this District.

An amended complaint generally supersedes and replaces all prior versions and renders them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/20/2019**

                                                   s/J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**